```
UNITED STATES DISTRICT COURT                              ORIGINAL
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
RUBEN MIRANDA,

                        Plaintiff,
        -against-                          **MEMORANDUM AND ORDER**
                                           Case No. 06-CV-2921 (FB)(RML)
NEW YORK CITY DEPARTMENT OF
EDUCATION,

                        Defendant.
------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*                       *For the Defendant:*
MICHAEL EVAN ROSMAN, ESQ.                  LAWRENCE J. PROFETA, ESQ.
Center for Individual Rights               New York City Law Department
1233 20th Street, NW, Suite 300            Office of the Corporation Counsel
Washington, DC 20036                       100 Church Street
                                           New York, NY 10007

**BLOCK, Senior District Judge:**

Plaintiff, Ruben Miranda ("Miranda"), a school custodian, sues defendant, the New York City Department of Education ("DOE"), and alleges that his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Fourteenth Amendment were violated when he was denied two transfers that instead went to two female custodians who were beneficiaries of the settlement agreement at issue in *United States v. New York City Board of Education, et al.*, Case No. 96-CV-374 (E.D.N.Y.) ("Action I"). Because his claims are substantially similar to those in *Brennan, et al. v. Ashcroft, et al.*, Case No. 02-CV-256 (E.D.N.Y.) ("Action II"), which has already been consolidated with Action I, he moves to consolidate the present case with Actions I and II; the intervenors supporting the settlement agreement in Action I ("the Arroyo Intervenors" and "the Caldero Intervenors") oppose consolidation on the ground that it will delay resolution of Action I.

The concerns of the Arroyo and Caldero Intervenors are illusory. At a recent evidentiary hearing in Action I, counsel for Miranda and DOE stipulated on the record (1) that the Court's prior rulings in Action I would be determinative of Miranda's claims, and (2) that under those rulings, the denial of Miranda's transfer requests comported with Title VII and the Fourteenth Amendment. Despite this stipulation, the Arroyo Intervenors persisted in their objection.

Many of the issues in these actions have warranted vigorous litigation, but Miranda's motion for consolidation is not one of them. In light of the stipulation, consolidation with Actions I and II will not cause any delay in resolution of those actions; moreover, consolidation will promote judicial economy by readying all actions implicating the settlement agreement for the appeals that are undoubtedly on the horizon. The results of those appeals may well call for a reassessment of whether the actions should remain consolidated; however, at present, concerns of delay and judicial economy warrant consolidation. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("In the exercise of [their] discretion, courts have taken the view that considerations of judicial economy favor consolidation."). Accordingly, Miranda's motion to consolidate the present action with Actions I and II is granted.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 24, 2007